# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**KENNETH WAYNE STIGALL**                                                    **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:20-CV-P130-JHM**

**HOPKINS COUNTY JAIL** *et al.*                                             **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff was formerly incarcerated at the Hopkins County Jail (HCJ). In the complaint, Plaintiff sued the HCJ and alleged that he did not receive adequate medical treatment for his injuries after he fell while being escorted by a guard (DN 1). Because Plaintiff did not name any individual as a Defendant, the Court entered an Order providing Plaintiff the opportunity to file an amended complaint in which he named as Defendants in their individual capacities any persons whom he alleged violated his rights (DN 6). Plaintiff filed an amended complaint in which he named Deputy Justin Clark, Nurse Whitley Adams, and Dr. Scott Wilson as Defendants (DN 7). He sued these newly-named Defendants in their official capacities only.

Plaintiff alleges that he slipped on a wet floor and fell while he was being escorted in handcuffs by Defendant Clark. Plaintiff states that when he fell, he hit his head on the concrete floor, "crushed" his right hand, and injured his neck, "causing a lot of pain." He states that when he attempted to stand up, he noticed that he was numb on the left side of his face and that he was

bleeding on his wrists because he had fallen on his handcuffs. Plaintiff alleges that when Defendant Clark directed him to start walking again, he stopped because he "started getting tunnel vision and then darkness." Plaintiff indicates that Defendant Clark then took him to "medical" where he was seen by Defendant Nurse Adams. Plaintiff states that Defendant Adams put medicine on his bleeding wrists but failed to give him any pain medication for his injuries. Plaintiff next alleges that due to his continued pain he put in two requests to have his neck x-rayed, but that when he was seen, he was only given ibuprofen. Plaintiff alleges that he was eventually seen by Defendant Dr. Wilson "a few weeks later," and that Dr. Wilson put him on steroids for three days and prescribed him more pain medication but declined to order x-rays.[1] Plaintiff was subsequently transferred to another facility. Plaintiff states that he continues to have pain, discomfort, and numbness on the left side of his face and neck.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

---

[1] Plaintiff states that he did not receive any pain medication in the amended complaint but this contradicts what he alleges in the complaint.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

The Court first addresses Plaintiff's claims against the HCJ and his official-capacity claims. The HCJ is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the HCJ are against Hopkins County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations [in the] complaint."); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 U.S. Dist. LEXIS 20679, at *3-4 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are . . . against [the County] as the real party in interest.").

As to Plaintiff's official-capacity claims against the other Defendants, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims, therefore, are also ostensibly against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at

4

691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint or amended complaint indicate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Hopkins County. Thus, Plaintiff's claims against the HCJ and his official-capacity claims against the other Defendants will be dismissed for failure to state a claim upon relief may be granted.

### B. Individual-Capacity Claims

Although Plaintiff did not sue any Defendant in his or her individual capacity, the Court will nonetheless address the merits of such claims. The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal

5

quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

The Court will assume for purposes of this initial review that Plaintiff's allegations satisfy the first prong and that he suffered from an objectively serious medical need after his fall. The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). Under the subjective prong, a plaintiff must show: (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner"; (2) the official "did in fact draw the inference"; and (3) the official "then disregarded that risk." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014).

In addition, in *Alspaugh v. McConnell*, the Sixth Circuit held as follows:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

643 F.3d 162, 169 (6th Cir. 2011).

The Sixth Circuit has also held that "[a] plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). A plaintiff must also show that his claim involves more than a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment. *Westlake v. Lucas*, 537 F.2d at 860, n.5.

The pleadings establish that Defendant Deputy Clark took Plaintiff to "medical" after his fall and that Defendants Nurse Adams and Dr. Wilson both examined Plaintiff's injuries and provided treatment. Although neither Defendant Adams nor Defendant Wilson provided Plaintiff the treatment he desired, Plaintiff's allegations fail to establish that either was deliberately indifferent to his serious medical needs. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court."); *see also Grose v. Corr. Med. Serv., Inc.*, 400 F. App'x. 986, 988 (6th Cir. 2010) (affirming that a claim based upon a failure to order x-rays is not actionable under the Eighth Amendment).

Thus, even if Plaintiff had sued Defendants Clark, Adams, and Wilson in their individual capacities, his claims against them would still fail to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: July 8, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Hopkins County Attorney
4414.011